**LAW OFFICES OF STUART E. FAGAN**
STUART E. FAGAN, Cal. State Bar No. 152732
P.O. Box 365
Wheaton, Illinois 60187
Telephone: (858) 220-9601
Email: sfagan@sfaganlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>ALPINE WOODS APARTMENTS, INC., a Delaware Corporation, d.b.a., ALPINE WOODS APARTMENTS, PACIFIC WESTERN CORPORATION, a Delaware Corporation, d.b.a., PROPERTY SERVICES,<br><br>    Defendants. | No. **'23CV0323 GPC AHG**<br><br>COMPLAINT; DEMAND FOR TRIAL BY JURY |

## I.

## INTRODUCTION

1.  This action seeks monetary and declaratory relief against Defendants Alpine Woods Apartments, Inc., and Pacific Western Corporation for discriminating against persons in the rental of a dwelling because of the person's handicap in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related state laws.

-1-

## II.
## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in that the claims alleged herein arose within the City of Alpine, San Diego County, California.

## III.
## PARTIES

4. Plaintiff Brittany Hall resides in El Cajon, California. At all relevant times, Plaintiff Brittany Hall had physical disabilities that substantially limited one or more major life activity. Due to a back injury, Plaintiff Brittany Hall was unable to walk extended distances and required extra space for maneuvering when entering and existing her vehicle.

5. Plaintiff brings this action on behalf of herself pursuant to the California Unfair Business Practices Act, California Business & Professions Code Sec.

17204.

6. Defendant Alpine Woods Apartments, Inc. ("Defendant Owner"), is and was at all relevant times the owner and operator of the residential rental premises known as Alpine Woods Apartments, which are located at 1829 Arnold Way, Alpine, California.

7. Defendant Pacific Western Corporation, Inc. ("Defendant Property Manager"), is a Delaware corporation, and was the agent of Defendant Owner, and doing business as Property Services at all relevant times.  Defendant Property Manager served as the property manager of the Alpine Woods Apartments, and was the agent, employee, or representative of Defendant Owner, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of its actual or apparent authority pursuant to such agency or employment; or the alleged acts or omissions of it as agent or employee were subsequently ratified and adopted by Defendant Owner as principal.

8. The Alpine Woods Apartments consist of approximately 144 apartments.

9. At all relevant times, Defendant Owner was engaged in the business of renting apartments at the Alpine Woods Apartments to members of the public. Defendants advertised the housing at Alpine Woods Apartments as available for rent by members of the public.

10. Each defendant is sued herein individually and as doing business as Alpine Woods Apartments.

11.     Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her or its actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## IV.
## **FACTS**

12.     Defendants, doing business as Alpine Woods Apartments, acting independently and in concert with others, directly and through agents, engaged in a pattern or practice of discrimination against handicap/disabled persons, including plaintiff, on account of handicap/disability in the operation of Alpine Woods Apartments. Defendants' pattern or practice of discrimination includes, but is not limited to:

- A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of handicap/disability;
- B. Making or causing to be made statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on handicap/disability;
- C. Denying accommodation requests that were reasonable and necessary to allow a tenant with disabilities to have an equal opportunity to use and enjoy a dwelling;
- D. Failing to engage in an interactive process to determine an accommodation that is reasonable and meets a tenant's disability-related needs.

13. On or about March 23, 2021, Plaintiff Brittany Hall entered into a written lease with Defendant Alpine Woods Apartments, Inc., 1829 Arnold Way, #1004, at the Alpine Woods Apartments in Alpine, California. When she moved into the complex, her designated parking space was large enough for her to get into and out of her vehicle.

14. In the fall of 2021, Defendants re-striped the parking spaces in the vicinity of Plaintiffs' apartment and substantially reduced the size of her parking space. The parking spaces in this area of the complex were not surplus parking spaces, but designated parking spaces for residents. Further, these parking spaces were not being used to park compact vehicles.

15. Nevertheless, Ms. Hall's parking space (#169) was reduced to approximately 7 feet, 4 inches wide. Not surprisingly, Ms. Hall was no longer able to enter or exit her vehicle from the driver's door if a car was parked in the adjacent parking space. Since Ms. Hall had a disability involving her back, this had a substantial impact upon her life, for, at times, she had to climb out of the rear of her vehicle to exit it.

16. Over the next couple months, Ms. Hall repeatedly tried to go into the rental office to speak with the manager about the problem, but the manager was never in the office. Ms. Hall also began leaving numerous voicemail messages for the manager to call her about the issue, but the manager never returned her voicemail messages.

17. Finally, in early November 2021, Ms. Hall found another employee in the rental office, so she conveyed her concerns to that employee, and that employee promised to have the manager return her call.

18. About one week later, on or about November 10, 2021, the manager emailed Ms. Hall to say only that parking spaces are measured from center line to center line. The manager attached a picture to the email that showed Ms. Hall's parking space with a measuring tape on top of it.

19. On or about December 22, 2021, Ms. Hall made a written request for a reasonable accommodation of her disability. She simply requested that the vacant parking space (#169) next to her parking space be merged with her parking space (#170) to form a single handicap parking space for her. This simple accommodation would have ended all of Ms. Hall's parking problems and enabled her to continue to use and enjoy her home.

20. But on or about December 29, 2021, Defendants denied her reasonable request. Instead, they offered her parking space #169 in lieu of her own parking space (#170). But parking space #169 was just about as narrow as her own parking space.

21. Later that afternoon, Ms. Hall wrote back to Defendants and explained that she had asked for the two spaces to be merged into a single handicap space. Ms. Hall also informed Defendants that she already had received a DMV disability placard. Ms. Hall further reminded Defendants that there was only one handicap parking space in the apartment complex, and it was a substantial distance from Ms. Hall's apartment. But Defendants still would not accommodate her request.

22. Defendants' refusal to grant Ms. Hall a reasonable accommodation made her feel helpless and hopeless. She grew anxious, which led to depression and sleepless nights. She was distracted at work, for she worried that there would be nowhere for her to park when she got home, as she had been compelled to park on the street. Ms. Hall's

young son was compelled to carry groceries from great distances to their apartment because his mom could not park near their apartment.  He grew frustrated by the inconvenience and sometimes grew angry at his mother.  Since Ms. Hall shares custody of her son, Ms. Hall was only reasonably able to run errands when he was around to help.  But Ms. Hall often felt guilty and ashamed of being unable to carry in groceries by herself.  Presuming it would only be a temporary problem, she often told her son that she was working on a solution with the landlord.  But since no solution was reached, Ms. Hall's credibility was tarnished.  She felt defeated.

23. Finally, Ms. Hall got a lawyer to help her, but even that didn't help her. On March 27, 2022, Ms. Hall's lawyer sent a letter to Defendants asking them to accommodate her disabilities.  The letter spelled out the law that mandated that such a request be granted and asked for a response by April 11, 2022.  But Defendants ignored the request.

24. On or about April 11, 2022, Ms. Hall paid her rent for April.  But Defendants did not enter her April rent payment into their books.

25. Since Defendants' refused to grant Ms. Hall's reasonable accommodation request, Ms. Hall provided 30-days' notice of her family's intent to move out of their home at the complex on or about April 12, 2022.

26. On or about May 6, 2022, the County of San Diego paid Defendants $10,864.79 for Ms. Hall's rent for November 2021 through March 2022 pursuant to the County's COVID-19 Emergency Rent and Utilities Assistance Program (the "Program").

27.     By accepting payment under the Program, the payment from the County was to be considered payment in full of the entire rental debt owed by Ms. Hall for the specified time period.  In addition, Defendants also had acknowledged in their certification that Defendants had released Ms. Hall from any and all claims for nonpayment of rental debt owed for the specified time period, including a claim for unlawful detainer pursuant to paragraph (2) and (3) of Section 1161 of the Code of Civil Procedure, against Ms. Hall and her household.

28.     But on May 11, 2022, Alpine Woods Apartments' community manager, Julissa Rodriguez, informed Ms. Hall that she was under the eviction process.  When Ms. Hall wrote Ms. Rodriguez and asked for an explanation as to why they were in the eviction process, Ms. Rodriguez never responded to her email.

29.     The following day, May 12, 2022, Ms. Hall and her family moved out of their home at the complex and incurred costs of moving.

30.     When Ms. Hall moved her family to a new place, she was forced to take on a second job due to the increased rent and she had to drive a further distance to work.

## V.
## INJURIES

31.     By reason of Defendants' unlawful acts and practices, Plaintiff has suffered emotional distress, including humiliation, mental anguish, and attendant bodily injury, including stomach aches and head aches, and otherwise sustained injury.  In addition, Plaintiff suffered invasion of her private rights of occupation as a result of Defendants' actions, thus depriving her of the full use and enjoyment of her tenancy.

Accordingly, Plaintiff is entitled to compensatory damages.

32.     Defendants' failure to acknowledge, act on, or respond to Plaintiff Brittany Hall's reasonable requests for accommodation was intentional and/or taken with reckless disregard of Plaintiff's fair housing and federally protected rights.

33.     In doing the acts of which Plaintiff complains, Defendants and their agents acted with oppression, fraud, and malice, and with wanton and conscious or reckless disregard of the federally protected rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages.

## VI.
## FIRST CLAIM
### (Fair Housing Act)

34.     Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

35.     Defendants injured Plaintiff by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §3601 *et seq*.

## SECOND CLAIM
### (California Fair Employment and Housing Act)

36.     Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

37. Defendants injured Plaintiff by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, California Government Code §§12927 and 12955 *et seq.*

### THIRD CLAIM
### (California Unruh Civil Rights Act)

38. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

39. Defendants denied Plaintiff full and equal access to the Alpine Wood Apartments, which is a public accommodation, because of disability, or aided, incited, or conspired in that denial in violation of the Unruh Civil Rights Act, California Civil Code §51.

40. Pursuant to the Unruh Civil Rights Act, Plaintiff is entitled to statutory damages, among other remedies, of up to three times her actual damages as determined by the trier of fact, but no less than $4,000.00 for each violation by defendants.

### FOURTH CLAIM
### (Unfair Business Practices)

41. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

42. In acting as herein alleged, Defendants have engaged in a pattern or practice of unlawful discrimination in the operation of the Alpine Woods Apartments, a

business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17204.

## FIFTH CLAIM
## (Negligence)

43. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

44. Defendants owed Plaintiff a duty to operate the Alpine Woods Apartments in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline its employees and itself to fulfill that duty.  Defendants violated their duties by discriminating against persons with disabilities.  Defendants' violation of their duties was the result of negligence, including, but not limited to:

A. Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing rights laws;

B. Defendants' negligent failure to train its employees and itself regarding the requirements of state and federal fair housing rights laws;

C. Defendants' negligent failure to supervise its employees regarding compliance with the requirements of state and federal fair housing rights laws; and

D. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing rights laws.

45. As a legal result of Defendants' negligent conduct, Plaintiff has suffered bodily and personal injury.

# VII.
# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brittany Hall prays for entry of judgment against Defendants that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that Defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants regardless of handicap/disability and to ensure the full enjoyment of the rights described in the Unruh Civil Rights Act;

4. Awards up to three times the amount of actual damages for each individual Plaintiff against each Defendant pursuant to the Unruh Civil Rights Act, but no less than $4,000.00 for each violation by each Defendant;

5. Awards pre-judgment interest and post-judgment interest as provided for by law;

6. Awards costs of suit herein incurred, including reasonable attorneys' fees; and

7. Awards all such other and further relief as the court may deem proper.

Dated: February 17, 2023

LAW OFFICES OF
STUART E. FAGAN

By: /s/ Stuart E. Fagan
Stuart E. Fagan
Attorney for Plaintiffs

## VIII.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury.

Dated: February 17, 2023

LAW OFFICES OF
STUART E. FAGAN

By: /s/ Stuart E. Fagan
Stuart E. Fagan
Attorney for Plaintiffs